IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA GALLEGOS SALAS, | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:18-cv-02215-N (BT) |
| v. | § | No. 3:16-cr-0130-N-7 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Maria Gallegos Salas, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Salas's § 2255 motion, as amended.

I.

Salas pleaded guilty to a superseding information charging her with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B)(viii). On September 25, 2017, the District Court sentenced her to 121 months' imprisonment. She did not appeal to the Fifth Circuit Court of Appeals.

Salas then filed this § 2255 motion (CV ECF No. 2), which was received in the Clerk's Office on August 21, 2018.[1] In her motion, Salas argues: (1) the Government violated her Fourth Amendment rights by intercepting her cellular telephone conversations without obtaining a search warrant; (2) following the Supreme Court's decision in *Sessions v. DiMaya*, 138 S. Ct. 1204 (2018), she is not deportable; (3) she should not have been charged with actual methamphetamine, and the Court erred in calculating the guidelines after determining the drug quantity as a mixture containing methamphetamine; and (4) she received ineffective assistance of counsel when her attorney failed to inform her that she could file an appeal, did not allow her to review her Presentence Investigation Report (PSR), and failed to move for a downward departure under USSG § 5K1.1.

On October 15, 2018, the Court received Salas's amended § 2255 motion (CV ECF No. 5). She added three new claims: (a) her attorney provided ineffective assistance of counsel by failing to seek an adjustment for her minor participation under USSG § 3B1.2; (b) her attorney provided ineffective assistance of counsel by failing to seek a reduction for cultural assimilation under USSG § 5K.2; and (c) her attorney provided ineffective assistance of counsel for failing to seek a reduction for family ties under USSG § 5H1.6.

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CR ECF" refers to the criminal action, case number 3:16-cr-130-N-7, and "CV ECF" refers to the civil action, case number 3:18-cv-2215-N-BT.

In its response, the Government argues that Salas's claims are waived, procedurally barred, noncognizable, meritless, or some combination thereof. It further argues that she fails to prove that she received ineffective assistance of counsel. Salas filed a reply. The § 2255 motion is now ripe for determination.

II.

**1. As an initial matter, this Court lacks jurisdiction to address Salas's claim that she is not deportable.**

Salas argues that, following the Supreme Court's decision in *Sessions v. DiMaya*, 138 S. Ct. 1204 (2018), she is not automatically deportable. (CV ECF No. 2 at 19.) Although her argument is not entirely clear, this Court—a federal district court—lacks jurisdiction to address her claim that she is not deportable.[2] *See* 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."). Whether a person is removable or deportable must be determined in the first instance at the agency level. *See id.* Once the agency makes its determination, any challenge to an order of removal or deportation must be

---

[2] Salas appears to challenge an order of removal or deportation. However, at Salas's sentencing hearing, the Court noted that she is a lawful permanent resident of the United States. (CV ECF No. 10 at 12.)

3

pursued administratively, through the immigration courts. *See id.* § 1252(a)(5), (b)(9) & (d)(1). "Judicial review of a final order of removal is available only where the applicant has exhausted all administrative remedies of right." *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). Salas's claim that she is not deportable appears to be premature and is not cognizable in this § 2255 action. *United States v. Tyler*, 2018 WL 4691586, at *5 (S.D. Tex. July 25, 2018), *rec. adopted*, 2018 WL 4690256 (S.D. Tex. Sept. 28, 2018).

    **2.**    **Salas waived her Fourth Amendment claim by pleading guilty.**

Citing *Carpenter v. United States*, 138 S. Ct. 2206 (2018), Salas argues that the Government violated her Fourth Amendment rights when it intercepted her cellular telephone conversations without obtaining a warrant. (CV ECF No. 2 at 4, 16-18.) "A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction." *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (quoting *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991)). And a knowing and voluntary guilty plea "waives claims of governmental misconduct during the investigation and improper motives for prosecution" including claims of "searches and seizures that violate the Fourth Amendment." *Id.* at 286; *see also United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). Additionally, this waiver includes all claims of ineffective assistance of counsel, except those relating to the defendant's entry of a guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). A plea is knowingly made when the defendant has "real notice of the true nature of

the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). A plea is voluntary if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).

Salas's guilty plea was both knowing and voluntary. Salas and her attorney signed a document entitled "Factual Resume," in which Salas acknowledged the elements of her offense, as well as the facts underlying each element of her offense. (CR ECF No. 298 at 1-3.) On May 2, 2017, a United States magistrate judge conducted a rearraignment hearing under Federal Rule of Criminal Procedure 11. (CR ECF No. 809). At that time, the magistrate judge cautioned and examined Salas under oath and concluded that her guilty plea was knowing and voluntary. (CR ECF No. 328 at 1.) The magistrate judge further concluded that the offense charged was supported by an independent basis in fact containing each of the essential elements of the offense. (*Id.*) Ultimately, Salas pleaded guilty to count one of the superseding information. (*Id.*) "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Accordingly, Salas's knowing and voluntary guilty plea waives her pre-plea claim that the government violated her Fourth Amendment rights by intercepting her cell phone conversations without a warrant. *See Cothran*, 302 F.3d at 285-86.

### 3. The Court previously agreed with Salas's attorney regarding the drug quantity and correctly calculated her guideline sentencing range.

Salas next argues that she should not have been charged with actual methamphetamine, and the Court erred in calculating her advisory guideline range. (CV ECF No. 2 at 13.) She further argues that her offense level should have been decreased by six levels. (*Id.*)

Salas is mistaken in her belief that she was held accountable for actual methamphetamine. At the sentencing hearing on September 25, 2017, the Court agreed with Salas's attorney that treating the drug quantity in this case as a mixture and substance containing methamphetamine was appropriate; thus, the Court did not use actual methamphetamine for its guideline computations. (CV ECF No. 10 at 14.) And the Court correctly reduced the base offense level by two, as requested by her attorney. (*Id.*)

With respect to Salas' argument that her offense level should have been decreased by six levels, she is again mistaken. In her PSR, she was held accountable for 17.0 kilograms of methamphetamine, and utilizing the 92% purity level, the total amount she was potentially held accountable for was 15.64 kilograms of actual methamphetamine. (PSR ¶ 25.) At sentencing, however, the Court determined that she would be held responsible for 15 kilograms of methamphetamine, but her quantity was reduced based on the 92% purity level to 13.80 kilograms of actual methamphetamine. (CR ECF No. 404-1 at 1-2.) The Court then calculated Salas's offense level as 35 and her criminal history category as I, resulting in a guideline

sentencing range of 168 months to 210 months. (CV ECF No. 10 at 14.) As stated, the Court agreed that the drug quantity should be treated as a mixture containing methamphetamine, not actual methamphetamine, and further reduced her guideline range by two levels. The Court also granted the government's USSG § 5K1.1 motion and reduced her guideline range by an additional level. (*Id.* at 12.) Salas's final guideline range was 121 to 151 months, and the Court sentenced her at the bottom of that range—to 121 months' imprisonment.

Salas fails to demonstrate any basis upon which her offense level should have been reduced by six levels. Therefore, the Court correctly calculated Salas's sentencing range.

### 4. Salas did not receive ineffective assistance of counsel.

Salas also argues that her attorney provided ineffective assistance of counsel by failing to (1) show Salas the PSR, (2) ask for a § 5K1.1 motion, (3) inform Salas that she could file a direct appeal, (4) seek a minor-role adjustment, (5) seek a reduction based on cultural assimilation, and (6) seek a downward departure based on family ties.

Salas argues that her attorney failed to show her the PSR, ask for a § 5K1.1 motion, and inform her that she could file a direct appeal. (CV ECF No. 2 at 8.) Each of these ineffective assistance of counsel claims is vague and conclusory. Although *pro se* filings are liberally construed, this does not mean the court must develop the arguments on behalf of the litigant. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("[M]ere conclusory allegations on critical issues are

insufficient to raise a constitutional issue."). Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (noting that where a habeas petitioner fails to brief an argument adequately, it is considered waived). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74. Each of Salas's ineffective assistance of counsel claims are too brief and lack the necessary facts and details for this Court to properly address them. Because Salas's ineffective assistance of counsel claims are legally insufficient, they should be summarily denied.

To prevail on a claim of ineffective assistance of counsel, a movant must show that: (1) her counsel's performance was deficient; and (2) the deficient performance prejudiced her defense so gravely as to deprive her of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

8

Even if a movant proves her counsel's performance was deficient, a movant must still prove prejudice. To prove prejudice, a movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

In one of her ineffective assistance of counsel claims, Salas argues that her attorney failed to show her the PSR. (CV ECF No. 2 at 8.) This claim is belied by the record. At her sentencing hearing, Salas advised the Court that she had reviewed the PSR and other documents related to sentencing. (CV ECF No. 10 at 5.) Moreover, she fails to sufficiently allege, much less demonstrate, she somehow suffered prejudice by being denied the opportunity to see her PSR. (CV ECF No. 2 at 8.)

Salas argues in another of her ineffective assistance of counsel claims that her attorney erred by failing to ask for a § 5K1.1 motion. (CV ECF No. 2 at 8.) The decision to file a § 5K1.1 motion falls within the Government's discretion. *See United States v. Aderholt*, 87 F.3d 740, 742 (5th Cir. 1996). Here, the Government filed a motion under USSG § 5K1.1 and asked the Court to grant a one-level downward departure based on Salas's cooperation with the Government. (CR ECF

No. 428.) The Court granted the Government's motion and reduced Salas's total offense level accordingly. (CV ECF No. 10 at 14.)

Last, Salas argues that her attorney should have pursued a minor-role adjustment and a downward departure for cultural assimilation and family ties. (CV ECF No. 5 at 7-14.) These arguments fail for several reasons. First, Salas has failed to show that her case warranted these departures, even if her attorney had requested them. Second, with respect to the two downward departures, she would have had to demonstrate that her circumstances were somehow "exceptional" to warrant a departure. *See* USSG § 5K2.0(a)(4) & comment n.3(C). Third, the factors Salas argues in favor of the two departures are lawful permanent residence status, the ages and number of her dependents, lack of prior criminal history, and employment history. (CV ECF No. 5 at 11-12, 14.) However, she fails to show what is "exceptional" about these factors. After all, the Court was fully aware of these factors because they were addressed in her PSR and/or during her sentencing hearing. Any motion for a departure on the bases Salas argues would have been denied as meritless, and an attorney is not required to file meritless motions to provide effective assistance. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions.").

## III.

For the foregoing reasons, the Court should DENY the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255, as amended.

Signed April 6, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).